**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **ALMA CLARISA HERNANDEZ,**<br><br>    **Plaintiff,**<br><br>    vs.<br><br>**POLANCO ENTERPRISES, INC.** *et al.*,<br><br>    **Defendants.** | **Case No.: 11-CV-02247 YGR**<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT** |

Having carefully considered the Motion of Plaintiff Alma Clarisa Hernandez for leave to file her First Amended Complaint, the papers submitted and the pleadings in this action, the Court hereby **GRANTS** the Motion.[1]

Under Federal Rule of Civil Procedure 15(a), leave to amend should be freely given when justice so requires. Fed. R. Civ. P. 15(a). Factors the Court should consider include the presence or absence of undue delay, bad faith, undue prejudice, or repeated failure to cure deficiencies by previous amendment or futility of the proposed amendment. *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 538 (9th Cir. 1989) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "Leave to amend need not be given if a complaint, as amended, is subject to dismissal." *Moore*, *supra*, 885 F.2d at 538.

Defendants oppose the motion on the grounds that amendment would be futile. According to Defendants, Plaintiff's Proposed Amended Complaint fails to cure problems with her original

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds this motion appropriate for decision without oral argument. Accordingly, the Court **VACATES** the hearing set for August 21, 2012.

complaint.[2]  First, Defendants argue that the proposed amended complaint fails to allege the date on which Plaintiff visited the facility.  Defendants do not provide any legal authority to support their assertion that the date the Plaintiff visited the facility is an essential element of a claim under the ADA.  Instead, it appears that Defendants hope to be able to raise the affirmative defense that the action is time-barred under the applicable statute of limitations on a motion to dismiss rather than a motion for summary judgment.

Next, Defendants argue that Plaintiff fails to allege Article III standing to assert her ADA claims because the Proposed Amended Complaint does not identify which of the barriers Plaintiff encountered or how her particular disability was affected by each barrier.  "[W]hen an ADA plaintiff has suffered an injury-in-fact by encountering a barrier that deprives h[er] of full and equal enjoyment of the facility due to h[er] particular disability, [s]he has standing to sue for injunctive relief as to that barrier and other barriers related to h[er] disability, even if [s]he is not deterred from returning to the public accommodation at issue."  *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 944 (9th Cir. 2011).  Plaintiff alleges that she was confined to a wheelchair and could not enter Defendant's facility because there was no wheelchair clearance outside the entrance door.  *See* Proposed Amended Complaint, Dkt. No. 32-2, ¶¶ 8, 10.  Plaintiff further alleges that this barrier prevented her from use and enjoyment of the facility due to her disability.  *Id*. ¶ 10.  Accordingly, it appears that the Proposed Amended Complaint establishes that Plaintiff has standing under the ADA, including standing to sue for injunctive relief as to unencountered barriers related to her disability.  *See Chapman*, *supra*, 631 F.3d at 944 ("an ADA plaintiff who establishes standing as to encountered barriers may also sue for injunctive relief as to unencountered barriers related to h[er] disability.").

Finally, Defendants argue that at least two of the more than forty violations that Plaintiff identifies are not related to Plaintiff's disability.  Plaintiff argues that all violations are related to her disability.  Even if Plaintiff has identified two violations that are not related to her disability, this does not make amendment futile―Plaintiff has identified approximately forty other violations related to her disability.

---

[2] The Court notes that Defendants chose to answer the Complaint rather than challenge any of those problems.

Based on the foregoing analysis, the Motion for Leave to File an Amended Complaint is **GRANTED**.

By no later than **August 10, 2012**, Plaintiff shall file her First Amended Complaint, attached as Exhibit A to Plaintiff's Memorandum of Points and Authorities, Dkt. No. 32-2.

This Order Terminates Docket Number 32.

**IT IS SO ORDERED**.
**Date: August 8, 2012**

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**