United States District Court
Northern District of California

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALMA CLARISA HERNANDEZ, | Case No.: 11-CV-02247 YGR |
| Plaintiff, | PRE-TRIAL ORDER NO. 1 |
| vs. | |
| POLANCO ENTERPRISES, INC., | |
| Defendant. | |

## I.      INTRODUCTION

Plaintiff, who has used a wheelchair in public since 2004, brought this disability discrimination lawsuit against Defendant, who operates a gasoline station.  The case arises from forty architectural barriers alleged to violate the Americans with Disabilities Act (First Claim) and three California anti-discrimination laws, namely, the Disabled Persons Act (Second Claim), Unruh Civil Rights Act (Third Claim), and California Health and Safety Code section 19955(a) (Fourth Claim).

On August 23, 2013, the Court entered summary judgment in favor of Defendant with respect to all but two of the forty barriers identified in Plaintiff's First Amended Complaint.  (Dkt. No. 92 ("Aug. 23 Order").)  After summary judgment, both remaining barriers, denominated as (i) the "accessible-route" and (ii) the "entrance-landing" barriers, supplied Plaintiff with claims arising under all four of her legal causes of action; that is, each barrier gave rise to four legal claims, one under Plaintiff's ADA cause of action and three under her three state-law causes of action.  The Court ordered that those claims would proceed to a one-day bench trial, following a short period of limited

1   additional discovery.  (*See* Dkt. No. 98.)  Discovery has now closed and the trial is scheduled to

2   commence November 1, 2013.  (*Id.*).

3   On October 18, 2013, the parties filed their updated joint pretrial statement (Dkt. No. 104

4   ("Statement")).  The Statement raises two housekeeping matters and one substantive legal issue, all

5   of which this Pre-Trial Order now resolves.

6   **II.     DISCUSSION**

7   **A.     CLAIMS BASED ON ACCESSIBLE-ROUTE BARRIER ARE DISMISSED**

8   Plaintiff concedes that the accessible-route barrier has been remediated and that the claims

9   based thereon are "now moot."  (Statement at 7.)  Accordingly, the Court **DISMISSES WITH**

10  **PREJUDICE** claims based on that barrier.  Judgment on both Plaintiff's ADA and state-law claims

11  shall enter in favor of Defendant as to the barrier alleged at paragraph 11(b) of the First Amended

12  Complaint (Dkt. No. 36).

13  **B.     PLAINTIFF'S CALIFORNIA DISABLED PERSONS ACT CLAIM IS DISMISSED**

14  Plaintiff requests dismissal of one of her three state-law claims, namely, the Second Claim

15  under the California Disabled Persons Act.  (Statement at 24.)  The Court **GRANTS** Plaintiff's request

16  and **DISMISSES** the Second Claim in its entirety.

17  **C.     PLAINTIFF MAY NOT SEEK MONEY DAMAGES FOR ENCOUNTERING BARRIERS**

18  **THAT HAVE BEEN REMEDIATED**

19  Despite the Aug. 23 Order, Plaintiff now asserts that she is entitled to a declaration that

20  Defendant violated the ADA by failing to remediate the now-mooted barriers *before* Plaintiff visited

21  the facility.  (Statement at 4-6.)  She asks for this declaration so that she can pursue damages based

22  on California's Unruh Act, which incorporates ADA standards such that "[a]ny violation of the ADA

23  necessarily constitutes a violation of the Unruh Act."  *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 731

24  (9th Cir. 2007).  Plaintiff expressly premises her renewed request for monetary damages on

25  Defendant's past ADA violations.  (Statement at 4.)

26  The Court declines to grant Plaintiff's request.  In its Aug. 23 Order, this Court granted

27  Defendant's motion for summary judgment with respect to the claims based on thirty-eight

28  remediated barriers.  (Aug. 23 Order at 6-7.)  In doing so, the Court dismissed Plaintiff's claims

United States District Court
Northern District of California

2

1   based on those barriers.  This dismissal expressly applied to Plaintiff's federal *and* state claims.  (*Id.*

2   at 7.)  Plaintiff's attempt to revive the state claims is unavailing.

3            Plaintiff offers, effectively, a motion for reconsideration.  Thus construed, the motion is

4   **DENIED**.  Leaving aside the formal inadequacies of Plaintiff's request, which themselves supply an

5   independent reason for denial, *see* Civ. L.R. 7-9, and leaving aside the obvious, unfair prejudice to

6   Defendant that would result if the Court permitted Plaintiff to proceed with a new theory of recovery

7   on the eve of trial, after summary judgment and the close of an extended discovery period, Plaintiff

8   still presents no compelling reason why the law entitles her to relief of any sort for claims this Court

9   has already dismissed.

10           Plaintiff's two principal authorities, *National Audubon Society* and *Kohler*, do not support her

11  attempted revival.  *National Audubon Society* (a non-ADA case) merely quotes with approval a Tenth

12  Circuit opinion that, in the midst of an Eleventh Amendment analysis, contemplates the possibility of

13  retrospective declaratory relief "to the extent that it is intertwined with a claim for monetary damages

14  *that requires us to declare whether a past constitutional violation occurred*."  *Nat'l Audubon Soc'y,*

15  *Inc. v. Davis*, 307 F.3d 835, 847 n.5, opinion amended on denial of reh'g, 312 F.3d 416 (9th Cir.

16  2002) (quoting *PeTA, People for the Ethical Treatment of Animals v. Rasmussen*, 298 F.3d 1198,

17  1203 n.2 (10th Cir. 2002)) (emphasis supplied).  Plaintiff borders on a serious mischaracterization of

18  this passage by omitting entirely the Tenth Circuit's qualifying statement regarding past

19  "constitutional" violations.  (Statement at 4.)  Moreover, Plaintiff omits the Tenth Circuit's

20  observation that in "such a situation," the claim for declaratory relief was "superfluous in light of the

21  damages claim."  *PeTA*, 298 F.3d at 1203 n.2 (quoting *Green v. Branson*, 108 F.3d 1296, 1300 (10th

22  Cir. 1997)).  Here, no such constitutional violation is alleged, as Plaintiff asserts only statutory

23  claims.  Moreover, the claims for damages supposedly "intertwined" with Plaintiff's request for

24  declaratory relief have already been dismissed, as were the claims for declaratory relief themselves.

25  There is nothing left, then, to intertwine.  Neither the Tenth Circuit's opinion nor *National Audubon*

26  *Society* stand for the novel proposition advanced by Plaintiff here—that a party may win declaratory

27  relief, statutory damages, and, presumably, attorney fees based upon claims which have been

28  dismissed.

1    Neither does *Kohler* aid Plaintiff's cause.  *Kohler v. Presidio Int'l*, 2013 U.S. Dist. LEXIS

2    8537 (C.D. Cal. Jan. 22, 2013).  In that case, a district court, in ruling on a motion *in limine*, held that

3    evidence of a remediated architectural barrier, *i.e.*, the installation of a sign, was "relevant" and

4    therefore admissible at trial because, although the ADA claim based on that barrier had been mooted,

5    the plaintiff's Unruh claim for statutory damages based on plaintiff's initial failure to install the sign

6    was not mooted.  *Id.* at *7.  Unlike the instant case, the court there had denied defendant's motion for

7    summary judgment as to all major claims (*i.e.*, height of checkout counter, height of pay point

8    machine, and size of dressing room bench).  *Id.* at *3-4.  The *Kohler* court based its holding on a

9    footnote in an Eastern District of California opinion which observed that state-law claims for

10   damages "are not identical" to ADA claims for injunctive relief.  *Id.* at *6 (citing *Pickern v. Best*

11   *Western Timber Cove Lodge Marina Resort*, 194 F. Supp. 2d 1128, 1132 n.5 (E.D. Cal. 2002)).

12   From this premise, the *Kohler* court reasoned that a state-law claim for damages could be "treated

13   differently from" a mooted ADA violation and that the court could still afford relief on the former,

14   "in the form of compensating the injured party."  *Id.*

15        While it is true that Unruh claims for damages may be treated differently from ADA claims

16   for injunctive relief, California law requires a showing of intentional discrimination before a court

17   imposes Unruh liability *absent* a predicate ADA violation.  *See Lentini v. California Ctr. for the Arts,*

18   *Escondido*, 370 F.3d 837, 846-47 (9th Cir. 2004); *see also* California Judicial Council, California

19   Civil Jury Instructions 3020, 3021, 3026, 3027.  Though plaintiffs typically bring Unruh claims

20   alongside ADA violations, *see M.J. Cable*, 481 F.3d at 731, the Unruh Act does permit disabled

21   persons to seek relief irrespective of any ADA violations, *see Molski v. Arciero Wine Grp.*, 164 Cal.

22   App. 4th 786, 791-92 (2008) (identifying claims available to disabled persons under California state

23   law, including independent Unruh claims for damages); *cf. Munson v. Del Taco, Inc.*, 46 Cal. 4th

24   661, 667-70 (Cal. 2009) (surveying history of Unruh cause of action for disability discrimination).

25   As stated, they may do so, however, only upon a showing of intentional discrimination, which is *not*

26   an element of ADA claims.  *Arciero Wine Grp.*, 164 Cal. App. 4th at 791-92.  The cases upon which

27   *Kohler* was based did not address this issue.  In this case, all but one of Plaintiff's claims have been

28   mooted and therefore cannot form a basis for an Unruh claim.  (*See* Statement at 4 (premising Unruh

damages claims on alleged past ADA violations).)  Allowing Plaintiff to maintain such claims would permit Plaintiff to evade the strictures of California law.  Accordingly, on the facts of this case, the Court finds no basis to reconsider its earlier dismissal of Plaintiff's state-law claims alongside all mooted ADA claims.

## III.    CONCLUSION

ACCORDINGLY, THE COURT HEREBY ORDERS:

1. Plaintiff's claims based on the accessible-route barrier identified in paragraph 11(b) of the First Amended Complaint are hereby DISMISSED WITH PREJUDICE.

2. Plaintiff's legal cause of action under the California Disabled Persons Act, having been abandoned, is DISMISSED.

3. Plaintiff's de facto motion for reconsideration of the Court's earlier dismissal of her state-law claims for damages, which were based on now-mooted ADA claims, is DENIED. Plaintiff may not pursue any state or federal claim based on barriers that have been remediated, those claims having been dismissed.

4. Trial shall proceed on November 1, 2013 as to the sole remaining barrier, *i.e.*, the "entrance-landing" barrier, with respect to Plaintiff's alleged violations of the Americans with Disabilities Act (First Claim), the Unruh Civil Rights Act (Third Claim), and California Health and Safety Code section 19955(a) (Fourth Claim).

5. The parties shall jointly file, by **October 28, 2013**, a statement identifying each element of proof for each remaining claim.  If the parties cannot agree on the elements, they shall proffer their respective submission with supporting authorities.

IT IS SO ORDERED.

**Dated:** October 23, 2013

_____

YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE

United States District Court
Northern District of California

5