UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ALMA CLARISA HERNANDEZ**, <br> Plaintiff, <br> v. <br> **POLANCO ENTERPRISES, INC**, <br> Defendant. | Case No. 11-cv-02247-YGR <br><br> **ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES** <br><br> Re: Dkt. No. 122 |

Plaintiff Alma Clarisa Hernandez moves the Court for an award of $205,605.50[1] in attorneys' fees incurred in connection with successfully prosecuting this action under Title III of the Americans with Disabilities Act (the "ADA"), 42 U.S.C. §§ 12181-12189 and the California Unruh Civil Rights Act, Cal. Civ. Code § 51(f). (Dkt. No. 122 ("Mot."); Dkt. No. 119.) Defendant Polanco Enterprises, Inc. ("Polanco") opposes the motion. (Dkt. No. 123 ("Oppo.").)

Having carefully considered the papers submitted and the record in this case,[2] and good cause shown, the Court **ORDERS** that plaintiff Alma Clarisa Hernandez's motion for attorneys' fees is **GRANTED IN PART** and awards plaintiff **$160,501.50** in fees against defendant Polanco Enterprises, Inc.

---

[1] In her reply, plaintiff concedes certain hours should be excluded and seeks recovery of an additional 6.1 attorney hours and 14 hours by paralegal Marejka Sacks spent in connection with the reply. The $205,605.50 figure purportedly includes these adjustments. In her motion, plaintiff had originally sought $203,847.50.

[2] The hearing on this motion was previously vacated. Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds this motion appropriate for decision without oral argument. *See also Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Dev. Corp.*, 933 F.2d 724, 729 (9th Cir. 1991).

## I. BACKGROUND

The Court previously summarized the allegations of the operative complaint in ruling on the parties' cross-motions for summary judgment. (Dkt. No. 92 at 2-6.) The Court recounts the facts relevant to the instant motion as follows:

Plaintiff, who suffers from severe scoliosis, has needed to use a wheelchair for more than 15 years. (Dkt. No. 36 ("FAC") ¶ 8.) Defendant operates a gas station located in San Jose that features a convenience store. The station's restroom is located within the store. The case stemmed from plaintiff's May 21, 2010 visit to defendant's gas station, where she was purportedly unable to enter the convenience store in her wheelchair due to an insufficiently wide entrance landing. (Dkt. No. 119 ¶ 5.)

Plaintiff initiated this suit on May 6, 2011, against defendant Polanco Enterprises, Inc. and Western Dealer Holding Company, LLC ("Western Dealer").[3] (Dkt. No. 1.) On August 8, 2012, plaintiff filed a first amended complaint, including reference to forty barriers, the vast majority of which were apparently identified during discovery. (Dkt. No. 36.) The FAC presented four legal claims for violations of: (1) the ADA; (2) the California Disabled Persons Act, Cal. Civ. Code §§ 54 and 54.1; (3) the California Unruh Civil Rights Act, Cal. Civ. Code §§ 51, 51.5 ("Unruh Act"); and (4) California Health & Safety Code § 19953. On March 26, 2013, the parties filed cross-motions for summary judgment. (Dkt. Nos. 46, 47.) By the time the motions were fully briefed, only four barriers allegedly remained on the premises, two of which plaintiff claimed were never corrected and two of which defendant allegedly created during its remediation efforts. (Dkt. No. 92 at 1.)

The Court denied plaintiff's motion for summary judgment and granted in part and denied in part defendant's cross-motion on August 23, 2013. (Dkt. No. 92.) Thereafter, the Court held that plaintiff could not seek money damages, under the Unruh Act, for a barrier that had been removed. (Dkt. No. 105.) The parties then stipulated to dismissal prior to a bench trial on the

---

[3] The parties stipulated to dismissal of all claims against Western Dealer Holding Company, LLC with prejudice on September 24, 2012. (Dkt. No. 39.)

single barrier still at issue so that plaintiff could pursue an appeal. (Dkt. No. 106.)

On December 18, 2015, the Ninth Circuit reversed and remanded for this Court to determine whether plaintiff was entitled to statutory damages under the Unruh Act based on an underlying ADA violation for a remediated barrier, holding an Unruh Act claim is not necessarily mooted when the related ADA claim is mooted. (Dkt. No. 113.) On January 27, 2016, a stipulated judgment was entered in plaintiff's favor in the amount of $4,000 in statutory damages for the landing violation. (Dkt. No. 119.) The instant motion followed.

## II. LEGAL STANDARD

### A. Statutory Basis for Award of Attorneys' Fees

#### 1. Section 505 of the ADA

Section 505 of the ADA provides, in pertinent part, that "in any action or . . . proceeding commenced pursuant to this chapter, the court . . . in its discretion, may allow the prevailing party . . . a reasonable attorney's fee, including litigation expenses and costs." 42 U.S.C. § 12205. Under federal law, a "prevailing party" is one that effects "a material alteration of the legal relationship between the parties [whereby] the plaintiff becomes entitled to enforce a judgment, consent decree, or settlement against the defendant." *Farrar v. Hobby*, 506 U.S. 103, 113 (1992).

#### 2. California Law

In addition to her ADA claim, plaintiff also brought causes of action based on California state law. The Unruh Act incorporates ADA standards such that a violation of the ADA also constitutes a violation of the Unruh Act. *See Californians for Disability Rights v. Mervyn's LLC*, 165 Cal. App. 4th 571, 586 (2013) (citing Cal. Civ. Code §§ 51(f)).

"Because the Unruh Act is coextensive with the ADA and [unlike the ADA] allows for monetary damages, litigants in federal court in California often pair state Unruh Act claims with federal ADA claims." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 731 (9th Cir. 2007). The Unruh Act imposes damages "for each and every offense . . ., up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto." Cal. Civ. Code § 52(a).

3

### B. Calculating Fees Under Federal Law

In cases where attorney's fees are authorized under federal law, district courts apply a two-step process to calculate the appropriate fee award. *See Fischer v. SJB-P.D., Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). First, the court calculates the presumptive fee award, the "lodestar figure," by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *See Grove v. Wells Fargo Fin. Cal., Inc.*, 606 F.3d 577, 582 (9th Cir. 2010). In evaluating what is a reasonable number of hours, "counsel bears the burden of submitting detailed time records justifying the hours claimed to have been expended." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986), *amended on other grounds*, 808 F.2d 1373 (9th Cir. 1987). This amount may be reduced if the hours are duplicative, excessive, insufficiently documented, or otherwise unnecessary. *Id.*

Second, "in appropriate cases, the district court may adjust the 'presumptively reasonable' lodestar figure based upon the factors listed in *Kerr v. Screen Extras Guild, Inc*., 526 F.2d 67, 69-70 (9th Cir. 1975) . . . that are not subsumed into the initial lodestar calculation." *Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614, 622 (9th Cir. 1993). Specifically, the *Kerr* factors are:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr*, 526 F.2d at 70; *but see Jordan v. Multnomah Cty*., 815 F.2d 1258, 1264 n.11 (9th Cir. 1987) ("The circuit has since relaxed the standard, saying that application of at least some of, or the most relevant, factors may be sufficient for review on appeal."). "The lodestar amount presumably reflects the novelty and complexity of the issues, the special skill and experience of counsel, the quality of representation, and the results obtained from the litigation." *Intel Corp.*, 6 F.3d at 622; *see also Perdue v. Kenney A. ex rel Winn*, 559 U.S. 542, 553 (2010) (noting that the lodestar figure includes "most, if not all, of the relevant factors constituting a reasonable attorney's fee")

4

(internal quotations omitted). To the extent that the *Kerr* factors are not addressed in the calculation of the lodestar, they may be considered in determining whether the fee award should be adjusted upward or downward, once the lodestar has been calculated. *Chalmers*, 796 F.2d at 1210. However, a strong presumption exists that the lodestar figure represents a reasonable fee and any upward or downward adjustment of that figure is proper only in "rare and exceptional cases." *Van Gerwen v. Guar. Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) (internal quotations omitted).

### III. DISCUSSION

Plaintiff's counsel, Tanya E. Moore, expended 385.2 hours on this litigation at an hourly rate of $350. Paralegal Marejka Sacks spent 334.6 hours at a rate of $150 and paralegal Whitney Law expended 14.7 hours at a rate of $125. (Mot. at 12-13.) Based on these figures, plaintiff initially requested a total award of $203,847.50. (*Id*.) In reply, and as noted below, plaintiff concedes certain hours should be excluded and seeks recovery for an additional 6.1 attorney hours and 14 hours by paralegal Sacks reasonably spent in connection with the reply brief.

Defendant does not contest these hourly rates and the Court finds that they are reasonable. Instead, defendant challenges the calculation of reasonable hours spent.

#### A. Lodestar Hours

Defendant contends the following hours should be excluded from the lodestar calculation: (1) time related to dismissed defendant Western Dealer; (2) time spent preparing for trial between the court's summary judgment order and the parties' stipulated dismissal; (3) time billed for filing an attorneys' fees motion on appeal; (4) hours supported by vague or deficient billing entries; (5) hours supported by duplicative time entries; (6) time spent on clerical or secretarial work; (7) time billed for paralegal Sacks to attend hearings; (8) hours supported by billing entries reflecting the wrong dates; (9) overstated time logs; and (10) excessive time spent on certain other tasks. The Court addresses each issue in turn.

##### 1. Western Dealer

Defendant seeks to reduce by half the 36.8 hours of attorney time and 28 paralegal hours spent on certain discovery in this case, since the related billing entries do not distinguish between

1  time spent on discovery relating to defendant or to Western Dealer.  Defendant also seeks to

2  exclude 1.7 hours spent on tasks purportedly related solely to Western Dealer.  Defendant argues

3  the hours relating to Western Dealer should be excluded because the party was "wrongly named in

4  this lawsuit."  (Oppo. at 3.)

5        As to the discovery-related entries, plaintiff has submitted a supplemental declaration

6  indicating she propounded identical discovery requests on both defendants.  (Supplemental

7  Declaration of Tanya E. Moore, Dkt. No. 124-1 ("Moore Supp'l Decl."), ¶ 2.)  Moreover, both

8  defendants submitted combined answers and were represented by the same counsel, suggesting

9  they employed a unified defense strategy.  (*See* Dkt. Nos. 7, 37.)

10        Under these circumstances, where the claims against the dismissed defendant were closely

11  related to the ultimately successful claims against defendant Polanco, and where plaintiff

12  ultimately obtained substantial relief, the Court does not find a reduction warranted.  *See Kalani v.*

13  *Statewide Petroleum, Inc.*, No. 2:13-CV-02287-KJM-AC, 2014 WL 4230920, at *1 (E.D. Cal.

14  Aug. 25, 2014) (holding fees should not be reduced where a plaintiff has obtained "substantial

15  relief" on "related" claims); *Blackwell v. Foley*, 724 F. Supp. 2d 1068, 1075 (N.D. Cal. 2010)

16  (citing *Californians for Responsible Toxics Mgmt. v. Kizer*, 211 Cal. App. 3d 961, 976 (Cal. Ct.

17  App. 1989)) ("It has also been held proper for a court to award fees against one defendant for time

18  spent litigating against another."); *Dang*, 422 F.3d at 813 (reversing a district court's reduction of

19  hours spent in connection with dismissed defendants where "the district court failed to consider

20  whether the claims against the dismissed defendants," and certain unsuccessful claims, were

21  "related to" the single claim successfully asserted against the remaining defendant).  Indeed, all

22  four claims asserted in the FAC largely rest on the same basic factual allegations and all

23  allegations were made uniformly as to both defendants, which plaintiffs contend share a "unity of

24  interests," pointing to defendants' joint Rule 68 offer of judgment.  (*See* Dkt. No. 124 ("Reply") at

25  3; Declaration of Megan A. Childress in Opposition to Motion, Dkt. No. 123, Ex. 6.)

26        **2.    Time Spent Preparing for Trial**

27        Defendant next seeks to exclude hours spent preparing for trial between the Court's August

28  23, 2013 summary judgment order and the parties' October 24, 2013 stipulation dismissing the

case to permit an immediate appeal. Defendant argues these 24.6 attorney hours and 42.5 paralegal hours were incurred needlessly because plaintiff ultimately agreed to forego trial in lieu of an appeal. However, the stipulation was filed one day after the Court's October 23, 2013 pre-trial order, which clarified the scope of relief available to plaintiff. (Dkt. No. 105.) Indeed, plaintiff thereafter appealed from not only the summary judgment order but also the October 23, 2013 pre-trial order. (Dkt. No. 110.) Thus, it is understandable that the parties reached this stipulation after the pre-trial order was issued but that plaintiff was unwilling to stipulate to dismissal earlier, when she believed a greater scope of relief might be available to her at trial. It would not have been reasonable for plaintiff's counsel to fail to prepare for an imminent trial because of the possibility that the preparation would ultimately be unnecessary. No reduction is warranted on this basis.[4]

### 3. Appellate Fees

On January 15, 2016, after the Ninth Circuit ruled in her favor, plaintiff filed a motion for appellate attorneys' fees pursuant to the Ninth Circuit Rule 39-1.6. On January 21, 2016, plaintiff filed an unopposed request to transfer consideration of appellate fees to this Court pursuant to Ninth Circuit Rule 39-1.8. The Ninth Circuit granted the unopposed request on January 26, 2016. Once before this Court, and after judgment had issued, plaintiff filed the instant attorney's fees motion seeking fees for litigating the entire case—including but not limited to the appeal. The instant motion is substantially different from the fee motion filed before the Ninth Circuit.

Defendant contends plaintiff's fees incurred in connection with preparing the January 21, 2016 filing should be excluded, deeming the motion procedurally improper because plaintiff was not yet a prevailing party. Plaintiff has failed to cite any authority establishing her entitlement to seek attorney's fees at that juncture and prior to entry of final judgment in this case. Further, plaintiff fails to explain why she mooted her own motion by seeking to transfer consideration of appellate fees to this Court less than a week later. Nor do the records demonstrate whether any

---

[4] To the extent defendant challenges the 0.4 attorney hours billed on October 24, 2013 relating to revising the stipulation for dismissal, the Court finds they were also reasonably expended.

hours spent on that motion served as the basis for the attorneys' fees motion now before the Court. The Court therefore excludes 6.1 attorney hours and 10.3 hours expended by paralegal Sacks in connection with the January 21, 2016 filing and subsequent work stemming therefrom.

### 4. Vague or Deficient Billing Entries

Defendant seeks exclusion of at least 35.1 attorney hours supported by purportedly vague or deficient billing entries. Plaintiff concedes a reduction of 20 percent is warranted for time entries reflecting review of "communications from court" without specifying the document reviewed. The Court has independently reviewed the submitted billing statements (beyond the limited selection identified by defendant) and agrees with defendant that certain task summaries fail to justify the claimed number of hours.[5] In light of this independent review and in consideration of the reasonable number of hours counsel should have spent on such tasks, the Court reduces the attorney hours by 17.

### 5. Duplicative Billing Entries

Defendant seeks at least a 50 percent reduction of 11.6 hours identified as reflecting purportedly duplicative work. For instance, plaintiff's counsel apparently billed 0.8 hours—spread over two days—in connection with reviewing a one-page certificate of mediation. The Court has already excluded certain hours identified on this basis in connection with the immediately preceding section. Of the identified entries still at issue, the Court finds that certain reductions are warranted, both in the case of entries that appear duplicative and in the case of others for which the time expended is excessive for the tasks identified. Consequently, the Court further reduces the attorney hours by 3.1.

---

[5] The Court reviewed 52 pages of submitted timesheets with more than a dozen billing entries on the typical page. The 33 pages for attorney Moore include approximately 80 entries that appear excessive. For example, a plethora of entries describe counsel's review of certain "communication[s] from [the] court," such as clerk's notices, short orders, or certificates of service, with 0.2 hours (12 minutes) billed for reviewing these one-paragraph filings. In another instance, Moore billed 0.4 hours (24 minutes) to review a three paragraph order vacating a case management conference and setting a compliance hearing. On yet another illustrative occasion, she billed 2.1 hours to review a 12-page proposed order. The Court determined reasonable hourly rates for the tasks at issue.

8

### 6. Clerical Work

Defendant argues 0.6 attorney hours, 29.2 hours billed by paralegal Sacks, and 1.2 hours billed by paralegal Law were for purely clerical or secretarial tasks and therefore should be excluded. *See Missouri v. Jenkins by Agyei*, 491 U.S. 274, 288 n.10 (1989) ("[P]urely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them."). The Court finds that most of the attorney and paralegal billing entries identified involve tasks appropriately performed by counsel or paralegal, respectively. In response to defendant's challenge, plaintiff has appropriately waived 5.1 of Sacks' hours directed to retyping certain documents. The Court additionally excludes 2.2 hours of Sacks' time spent copying or retyping other documents[6] and 0.3 hours of paralegal Law's time expended preparing briefs for delivery to the Ninth Circuit. As plaintiff has failed to offer evidence establishing a reasonable rate for such secretarial tasks, these hours are simply excluded in their entirety from the lodestar calculation.

### 7. Hearing Attendance

Defendant argues 10 hours billed by paralegal Sacks for attending a pretrial conference and a Ninth Circuit oral argument were unreasonably expended and should be excluded. Four of the hours at issue relate to the pretrial conference and 6 to the oral argument. Plaintiff concedes the 6 hours associated with the oral argument should be excluded. However, plaintiff contends Sacks' attendance at the pretrial conference was reasonable, as she took notes and assisted counsel in providing relevant documents to the Court. (*See* Moore Supp'l Decl., ¶ 8.) The Court finds her attendance at the pretrial conference was reasonable and excludes only the 6 hours for the oral argument.

### 8. Incorrect Dates

Defendant identifies two sets of billing entries that it contends reflect incorrect dates for the referenced case events, suggesting billing inaccuracies warranting exclusion of the hours at

---

[6] For instance, a March 11, 2013 billing entry reflects 1.9 hours spent retyping a corrupt file and double-checking citations. As the Court is unable to differentiate between the amounts of time actually spent on each of the two tasks—only the latter of which is appropriately billed at the paralegal rate—it deducts 1.8 hours of this entry.

9

issue. First, defendant suggests hours spent in connection with a premeditation conference on November 21, 2011 should be excluded because the conference did not occur until January 17, 2012. However, plaintiff has submitted a partially redacted letter from the mediator dated November 21, 2011 suggesting a call had taken place and setting a further call for January 17, 2012. (*See* Moore Supp'l Decl., Ex. C.)  Thus, the Court declines to exclude those hours. Defendant's second challenge, regarding a 0.1 attorney hour time entry, is moot as the Court has already excluded that time in connection with Section III.A.4, *supra*.

### 9. "Overstated" Time Logs

Defendant challenges entries reflecting 2.6 attorney hours spent on correspondence between plaintiff and plaintiff's counsel on August 16, 2013, arguing separate billing entries at 0.1 hours each were used to inflate the total time spent. Only 0.5 hours of time billed in 0.1 increments are at issue. The Court finds the billing practice is not egregious as employed in this instance and declines to exclude any of the 2.6 hours at issue.

### 10. Other Excessive Entries

Defendant challenges plaintiff's billing in connection with this attorney's fees motion and preparation for settlement conferences and mediation as excessive. In particular, defendant contends plaintiff's counsel previously filed a substantially similar attorney's fees motion in another case, calling into question the 5.7 attorney hours and 14.4 paralegal hours billed on the instant motion.[7] The Court finds the hours reasonable as the motion was modified in a number of respects to address the specific circumstances of this case. Defendant has failed to challenge with any specificity the time spent on settlement-related activities. Thus, the Court declines to exclude hours on either ground.

### B.    Downward Adjustment

Finally, defendant seeks a downward adjustment due to plaintiff's purportedly limited success in the case. Defendant presents two primary grounds for the adjustment: (1) the fact that

---

[7] Defendant's challenge as to the work being duplicative of time spent preparing the fee motion before the Ninth Circuit is no longer relevant as the Court has excluded those hours.

1  plaintiff prevailed on only one of the 40 barriers alleged in the FAC warrants a 97.5 percent

2  reduction; and (2) further downward adjustment should be made in light of plaintiff's rejection of

3  a Rule 68 offer of judgment in the amount of $4,000 made by defendants early in the case in light

4  of the ultimate judgment entered in the same amount.  The Court addresses each ground in turn.

### 1. Scope of Success

Defendant argues the fee award should be reduced by 97.5 percent due to the scope of plaintiff's success in the case—namely, the fact that plaintiff ultimately prevailed on her claims as to a single barrier whereas the FAC alleged forty architectural barriers as the basis for the claims. In cases in which a plaintiff obtains limited success, the court must first consider whether the unsuccessful claims were related to the successful claims. *See Schwarz v. Sec'y of Health & Human Servs.*, 73 F.3d 895, 901 (9th Cir. 1995).  If the two were unrelated, the fee award must exclude time spent on unsuccessful claims.  *Id*.  However, if they were related, the court must evaluate the "significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Id*. ("If the plaintiff obtained excellent results, full compensation may be appropriate, but if only partial or limited success was obtained, full compensation may be excessive.  Such decisions are within the district court's discretion.") (internal quotations omitted).  In determining whether claims are related, "the test is whether relief sought on the unsuccessful claim is intended to remedy a course of conduct entirely distinct and separate from the course of conduct that gave rise to the injury on which the relief granted is premised." *Id* at 903. (internal quotations omitted).

Here, each barrier pertained to plaintiff's ability to access a particular location despite her disability.  The Court finds that the claims relating to each barrier were related as defined above. *But see Martinez v. Longs Drug Stores, Inc.*, No. 03-CV-1843, 2005 WL 3287233, at *2 (E.D. Cal. Nov. 28, 2005) (holding claims as to different alleged violations of the ADA were not related where each required separate evidence and application of different sections of the ADA).  Plaintiff prevailed as to the primary barrier at issue, the barrier she personally encountered and asserted in her initial complaint. (Dkt. No. 119.)  Acknowledging, however, a lack of complete success and noting that the billing entries do not allow for straightforward segregation of the hours expended

11

on a per-barrier basis, the Court finds that an additional reduction of 10 percent is warranted to account for plaintiff's somewhat limited success.[8]

### 2. Rule 68 Offer

Defendant asks the Court to take into account its Rule 68 offer of judgment early in the case for the same amount—$4,000—that plaintiff ultimately obtained in judgment. Defendant concedes Rule 68 does not bar recovery of fees here. *See Martinez*, 2005 WL 3287233, at *4. However, defendant notes that the Court should consider the reasonableness of plaintiff's course of action—proceeding towards trial in the face of a Rule 68 offer—in determining the reasonable fee award. *See Haworth v. State of Nev.*, 56 F.3d 1048, 1052 (9th Cir. 1995). At the time the settlement offer was made, many of the barriers at issue were apparently still in place, and the Rule 68 offer included no injunctive relief or agreement to remediate the conditions at the property—steps defendant has apparently since undertaken. In these circumstances, the Court finds no further reduction warranted.

## IV. SUMMARY OF FEES AWARDED

Following from the above determinations, the lodestar is calculated as follows:

| LODESTAR TOTAL | | | |
|---|---|---|---|
| **Name** | **Awarded Hours** | **Awarded Rate** | **Fees** |
| Tanya E. Moore | 328.59 | $350 | $115,006.50 |
| Marejka Sacks | 292.5 | $150 | $43,875 |
| Whitney Law | 12.96 | $125 | $1,620 |
| **Total Lodestar:** | | | **$160,501.50** |

## V. CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** the motion for attorneys' fees and awards **$160,501.50** in fees to plaintiff. The motion is otherwise **DENIED**.

This Order terminates Docket Number 122.

**IT IS SO ORDERED.**

Dated: April 14, 2016

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

[8] This percentage was selected taking into account the fact that only certain stages of this litigation involved the other alleged barriers.

12